MARK PARSONS v. THE STATE.

No. 8294. Decided April 30, 1924.

Rehearing denied November 5, 1924.

1.—Manufacture of Liquor—Indictment—Sufficiency of.

Under our present statute it is not necessary to the validity of an indictment that it contain an averment negativing the exceptions to the statute prohibiting the manufacture of intoxicating liquor. Following Crowley v. State, 242 S. W., 472; Stringer v. State, 241 S. W., 159.

2.—Same—Charge of the Court.

The testimony in the case showed that appellant was in possession of a large quantity of mash when arrested. This testimony was properly admitted, and the court properly refused to instruct the jury to disregard it.

3.—Same—Argument of Counsel—Improper—Not Reversible Error.

While it is permissible as a general rule for state's counsel to reply to argument of counsel for appellant, it would be better for both counsel for appellant and the state to confine their discussions within legitimate bounds, and not depart from the facts proven.

4.—Same—Evidence—Declarations—Self-serving—Hearsay.

Declarations made by appellant as to his purpose in making liquor, are self-serving, and hearsay, and were properly excluded.

5.—Same—New Trial—Practice.

Where evidence is heard on a motion for a new trial, and such evidence is not brought forward in a statement of facts, this court presumes that the evidence heard, was contradictory of the affidavits to a degree which supports the ruling of the court, on the issue of fact raised by them. Following Cade v. State, 58 S. W. 484; Harcrow v. State, No. 8069 recently decided.

Appeal from the District Court of Titus County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*J. F. Wilkinson* and *Hyram G. Brown,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

. The State's testimony is sufficient to establish the commission of the offense by the appellant.

Appellant testified that he had made no whisky but was preparing to do so for medicinal purposes, giving details with reference to tuberculosis and other ailments for which it was desired to use the whisky.

Under the present statute, it was not necessary to the validity of the indictment that it contain an averment negativing the exceptions to the statute prohibiting the manufacture of intoxicating liquor. See Crowley v. State, 242 S. W. Rep., 472; Stringer v. State, 241 S. W., 159.

According to the State's evidence, appellant manufactured the whisky. We have discerned no testimony requiring that the intoxicating character of the liquor be submitted in a more specific manner than was done by the court's charge. No affirmative testimony is observed to the effect that the liquor manufactured by the appellant was other than intoxicating. It was appellant's theory that he was preparing to make whisky for medicinal purposes, while that of the State was that whisky had been manufactured by the appellant.

There was no error in refusing to instruct the jury to disregard the testimony showing that the appellant was in possession of a large quantity of mash. This was a circumstance available to the State upon the issue presented by the pleading; nor was there error in refusing to instruct the jury that "unless the still was connected by the appellant" an acquittal must result. This was a detail which the court was not required to single out for an instruction to the jury. The circumstances surrounding the transaction are sufficient to show that the appellant was engaged in the manufacture of whisky, whether he did the physical act of connecting the still or not.

It appears that the appellant's attorney, in argument, stated to the jury that it would be a shame to send the appellant, who had a wife and four small children, to the penitentiary on the testimony in the case. In reply, State's counsel said that "the jury had the right of other women and children besides that of the defendant's wife and children to protect, and should consider why defendant should so disregard his obligations to his wife as to make stuff to be distributed over the country to other women and children to wreck and corrupt their morals." It would be better for both counsel for the appellant.

98 T. C.—18.

and the State to confine their discussion within legitimate bounds. There is some question whether we should consider the qualification to the bill. Whether justified or not, the argument of State's counsel, considered in the light of the argument of appellant's counsel, the evidence and the verdict, is not of such a nature as to warrant a reversal. The evidence is sufficient to establish the offense and to connect the appellant with it. The punishment was the lowest permitted by law.

The fact that the officers did not exhibit a search-warrant would not preclude them from testifying to facts which they discovered upon the appellant's premises. It seems, however, that they did act under search-warrant. The case of Welchek v. State, 93 Texas Crim. Rep., 271, is in point.

We think there is no prejudicial error shown by the bill complaining of the fact that one of appellant's witnesses was asked "if it was not pretty bold to put a still so close to a church." The surrounding facts are not revealed.

The fact that appellant inquired of the witness Amerson touching the method of making whisky and stating that he intended to make some for medicinal purposes was properly excluded as hearsay. No facts are revealed which would bring it within any of the exceptions to the rule excluding self-serving or hearsay testimony. The proof that there was a still upon the premises was relevant upon the issues involved. The court instructed the jury that the possession of the still was not an offense. It was, however, a circumstance available to the State.

The witness Cooper testified that he observed beer and mash upon the appellant's premises ready for distillation; that he did not drink it; that it was stronger than four per cent beer; that he saw what was in the pot at the still that day; that it was mash used for making whisky. The bill is meagre, but the facts stated warranted the court in permitting the witness to testify that the article was intoxicating.

Appellant complains in Bill of Exceptions No. 11, that the court erred in refusing to grant a new trial in order that he might have the benefit of the testimony of I. L. Hays on the former trial, "such testimony being very material as it appears by the affidavits by J. P. Willson and J. M. Keith." What was in these affidavits is not shown by the bill of exceptions, which was filed October 10, 1923, subsequent to the term of court at which the trial took place which adjourned on July 14th. Attached to the motion for new trial are the affidavits of Willson and Keith to the effect that Hays had testified on the former trial that it was he who connected the still, and that when he arrived the still was not connected. These affidavits give no information touching the reason for the absence of this tes-

timony, if it was material. Moreover, the order of the court in over-ruling the motion for new trial states that he heard evidence thereon, and in this case of the record the presumption obtains that the evidence heard was contradictory of the affidavits to a degree which supports the ruling of the court on the issue of fact raised by them. Cade v. State, 258 S. W. Rep., 484; Harcrow v. State, No. 8069, recently decided. The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—Appellant insists that the testimony does not show that the officers found intoxicating liquor at the still on the occasion of their raid. We quote from the testimony. Ben Chapman testified:

"There was some whisky there. There was some stuff in the pot and a fire under the pot. They had some whisky there in a fruit jar * * * I saw some whisky there. * * * Mr. Cooper had the whisky out there at the still when I saw it first. I don't know where Mr. Cooper got the whisky. I don't know whether it was made by that still or not."

Mr. Cooper said:

"They had a complete outfit out here. It was fired up and the still was running whisky in a fruit jar. * * * I saw the whisky running out in a very small stream. I know it was whisky."

Witness Hays testified:

"I found that still set up and in operation, a fire was under it and mash in the pot and it was running. I saw a jar sitting under the mouth of the flake stand and a fire under the pot. Directly Mark (appellant) came around and disconnected it and I went back and put it up again and Mark said: 'Now, you are making whisky and not me.'"

This evidence satisfactorily shows not only the presence of whisky but its manufacture. This court held in many cases that whisky is intoxicating liquor. We are still of the opinion that the finding of another still near the place where appellant was operating one, was admissible.

Appellant complains that we erred in stating that the trial court heard evidence at the time he overruled the motion for new trial. We quote from the order overruling the motion for new trial: "The court having heard said motion, and the evidence thereon submitted, is of the opinion that the same should be overruled." We have again reviewed the testimony and regret our inability to agree with appellant's contention that it was not sufficient to justify the conclusion of guilt.

The motion for rehearing will be overruled.

*Overruled.*