## M. D. PRUITT V. THE STATE.

No. 11122.   Rehearing denied February 29, 1928.

### 1.—Theft—Failure to File Statement of Facts—Negligence of Clerk—Case Reconsidered.

On November 9, 1927, this cause was affirmed because there was no statement of facts in the record, mandate issued and appellant was conveyed to the state penitentiary. No motion for rehearing was filed. Later, on learning these facts, appellant's attorney caused the clerk of the trial court to forward the statement of facts to this court, and it appearing that the failure to forward the statement of facts was through the omission of the clerk, appellant's motion for rehearing since filed will now be considered.

### 2.—Same—Continued.

We think it the duty of one representing his client to ascertain before cases are submitted in this court, that all things proper to be in the record are here; however, we would be unwilling to let one unjustly convicted, suffer from the default of an officer of this state.

3.—Same—Search Without Warrant—By Consent of Wife—Not Unlawful.

Where it was shown that the sheriff went to the home of appellant, who was absent, and told his wife if she did not give him permission to enter the house and search same he would go to the courthouse and get a search warrant and come back and search the house, whereupon the wife gave him permission to enter and search, this was not such a threat as would render the result of the search inadmissible, there being no threat of personal violence nor attempt to effect an entry by force or violence.

4.—Same—Date of Sentence—Reformed.

Appellant having now been incarcerated in the state penitentiary for some months, we therefore direct that the order overruling this motion for rehearing take effect and be held as if entered ot date November 23, 1927.

Appeal from the District Court of Wilbarger County. Tried below before the Hon. Robelt Cole, Judge.

Appeal from a conviction for theft, penalty five years in the penitentiary.

The opinion states the case.

LATTIMORE, JUDGE.—This case presents a singular situation. On November 9, 1927, we affirmed this case, saying that no statement of facts appeared in the record. No motion for rehearing was then filed. The mandate was issued and appellant conveyed to the penitentiary. When the opinion in this case came out in the advance sheets of the S. W. Reporter it was discovered by the attorney representing appellant that the affirmance was based on the absence of a statement of facts. Knowing that such statement of facts had been filed, he took the matter up with the authorities of the county where the prosecution was had, and the clerk of the District Court of said county forwarded to the clerk of this court a statement of the facts herein with a certificate that the failure to forward same was through the omission of such clerk. The offense is theft, penalty five years in the penitentiary.

Appellant asks that we again review this record in the light of the facts. We think it the duty of one representing his client to ascertain before cases are submitted in this court, that all those things properly in the record, are here; however, we would be unwilling to let one unjustly convicted suffer from the default of an official of the state. We have, therefore, examined the statement of facts. Same shows that more than one hundred dollars' worth of carpenter's tools were taken from a burglarized house. These tools were found in appellant's house. No explanation was made of appellant's possession of said property. A bill of exceptions complaining of testimony as to the value of

the tools seems without merit. We think the witness qualified to testify to the value of the articles, and that the record shows there was no market value for such tools at the place where stolen.

We are not impressed with the merit of the objection based on the proposition that the officer who found the tools had no search warrant. The wife of appellant gave to said officer permission to enter the house and make the search. We are not inclined to hold that though it be shown without dispute that the officer said to appellant's wife that if she did not give him permission to enter the house and search same, he would go to the courthouse and get a search warrant and come back and search same, this is not such threat as would render the evidence inadmissible. There was no threat of personal violence either to the woman or to any of her property. No threat to break down the door or enter by force or violence.

We are unwilling further that appellant should suffer from the neglect of the district clerk, by causing the term of his sentence to begin from the date of the overruling of this motion for rehearing. Appellant has now been incarcerated in the penitentiary for some months. We therefore direct that the order overruling this motion for rehearing take effect and be held as if entered of date November 23, 1927.

The motion for rehearing is overruled.          *Overruled.*