ADRIAN ALEJANDRO v. THE STATE.

No. 13485. Delivered June 4, 1930.
Rehearing denied October 15, 1930.
Reported in 31 S. W. (2d) 456.

326

The opinion states the case.

*John T. Spann* and *Geo. C. Herman,* both of Crystal City, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

The sheriff testified that he went to appellant's house and obtained permission from his wife to search the house and found "one hundred forty bottles of beer, and also twenty gallons of beer in a crock; that seventy bottles were on ice; in the room where the beer was found was a table and chairs and twenty-five or thirty tumblers on the table." The officer testified that the beer was intoxicating. The search was made in the morning. At six o'clock in the afternoon appellant came to the sheriff's office and admitted that he knew it was a violation of the law to sell beer but that he needed the money. Appellant offered no evidence whatever.

When state's counsel asked the officer if appellant's wife gave him permission to search the house appellant objected on the ground that the wife had no right to give such permission because she could not testify against her husband. We have not been favored with a brief from appellant and may not get his viewpoint, but we fail to discern merit in the objection. Pruitt v. State, 2 S. W. (2d) 856.

The court committed no error in permitting the sheriff to testify what he found in the house as against objection that the things themselves were the best evidence.

We discover no error in the court's instructions.

Bills of exception four and six bring forward complaint at the refusal of requested charges regarding different kinds of beer,

alcoholic contents, various ingredients, mixtures, etc. Bill of exception number five complains at the refusal of a special charge to the effect that before a private residence could be searched by permission there must be no misunderstanding between the party giving the permission and the officer making the search. We find no evidence in the record raising an issue to which any of the special charges would be applicable.

Appellant sought a new trial partly upon the ground of newly discovered evidence from his wife. The slightest diligence before or during the trial would have discovered the evidence.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, Presiding Judge.—Appellant urges that because the sheriff said he had never made beer, and that what he drank of the beer found by him at appellant's house, did not make him drunk,—therefore the jury erred in the first instance,—and this court later, in accepting as true the uncontradicted positive statement of said officer that the beer so found by him was intoxicating liquor. We do not deem the proposition serious enough to call for discussion. It is plain that one who never made intoxicating liquor, may know from experience and observation that same is intoxicating; equally, that one does not have to drink enough of a given liquor to make him drunk, to enable him to say it is intoxicating. Testimony that a wife gave permission to one to enter a house occupied by her and her husband seems in no sense in violation of the rule which forbids a wife to testify against her husband except in certain instances. Nothing in the authorities cited in appellant's motion, viz.: Baird v. State, 13 S. W. (2d) 833; Art. 714, C. C. P., and Hamilton v. State, 37 S. W. Rep. 431, holds to the contrary of the view thus expressed.

It is insisted that we erred in not holding that the seventh ground of appellant's motion for new trial was good. In this paragraph of said motion was presented the sworn statement that the testimony of appellant's wife was "newly discovered" testimony. Even if the averments of said motion were of that convincing character necessary in order to make same "newly discovered," we would have to hold against the contention. Neither by bill of exception nor by statement of facts duly approved and brought forward in

328

the record is the testimony heard by the court when the motion for new trial was presented, preserved or brought here. The order of the court overruling such motion recites that the court heard evidence. Not having such evidence before us, we must affirm the correctness of the overruling of said motion. Crouchette v. State, 99 Texas Crim. Rep. 572; Wilson v. State, 99 Texas Crim. Rep. 561; Parsons v. State, 98 Texas Crim. Rep. 272; Cade v. State, 96 Texas Crim. Rep. 523. The fact that appellant's wife was a Mexican woman and possibly ignorant of the English language, would scarcely suffice to excuse him in not finding out from her what her testimony would be regarding the proposition as to whether she gave the officer consent to enter the house or not. Appellant was also a Mexican and spoke the same language she did.

The motion for rehearing will be overruled.

*Overruled.*