DOMINGO GARCIA v. THE STATE.

No. 20702. Delivered January 3, 1940.

The opinion states the case.

*W. E. Martin,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted in Fisher County of the offense of violating the Local Option Law and assessed a penalty of $100.00 fine and 90 days in jail.

Appellant lived in the town of Rotan and was engaged in running some kind of business not fully described, but which was situated about seventy-five yards from the place which he occupied as a residence. The sheriff of the county, at the request of the city marshal of Rotan, secured two search warrants, one covering the place of residence and the other the building where the appellant's business was conducted. The sheriff, accompanied by one of his deputies, went to the business house of the appellant. The county attorney joined the city marshal in the search at the residence, and the two premises of the appellant were searched at practically the same time. As they entered the place of business and informed the appellant of their purpose, he retreated to his kitchen, fastening the door in front of the officers and proceeded to make a noise which witnesses identified as that of breaking of bottles. When the officers effected the entrance to the kitchen, they found necks of broken bottles and the odor of alcoholic liquors was in the room. At the same time of this occurrence, or within a few minutes thereafter,

the city marshal and the county attorney appeared at the home of the appellant and met his wife at the door. The marshal told her that he "wanted to look the place over," to which she replied, "All right; go ahead." The wife left the residence at the same time that the officers entered. The conversation took place on the outside. The wife knew the city marshal and knew the position which he held as such. He went to the place for the purpose of searching the premises and under the belief that the sheriff had a search warrant for that purpose. They found in the residence thirty-three pints of bonded whisky which were introduced in evidence on the trial of the case.

It was admitted by the county attorney on the trial of the case that the search warrant was defective.

Neither the appellant nor his wife testified on the trial of the case and the foregoing statement of the facts will be sufficient for the questions before us.

The penalty assessed in this case is not authorized by law and because of it the case will be reversed. See Robert Ruffin v. State, (No. 20,689) not yet reported (page 83 of this volume).

The appeal presents the additional question as to whether or not the statement of the wife was sufficient to authorize the officers to search the residence without a valid search warrant. There is no question raised in this appeal as to her authority to do so if the language used constitutes a waiver. A determination of this question will depend upon the understanding of the parties. If the language used by the officers should be construed as a request for permission to search the premises and her answer should be construed to be, as it has often been in many jurisdictions, a proper agreement for such a search, then there would be no error in admitting the evidence. We think that her answer might have been, under some circumstances, considered a permission on her part for the officers to enter the premises. In the instant case, however, the officers thought they had a search warrant, and it was by authority of this search warrant that they entered the premises. There is no contention that they intended to ask permission of the wife to do so but only that the officers informed her of what they were doing. She probably supposed they had a search warrant, but there is a greater probability that she did not know that one was necessary. She knew that the city marshal was an officer and he told her what he was going to do. As a citizen she assumed that he was doing a lawful thing, and yielded only to the extent that she made no resistance. No doubt she understood that he was entering

the house and was looking for whisky. It might be assumed from the fact that they found whisky in the house that she knew of its presence and was conscious of the fact that it was a violation of the law and that the officers were looking for it. But in the absence of the whisky in evidence, there could be no such presumption, and this Court would not be authorized to indulge it. In the absence of a request for permission to enter the premises, the answer which she gave cannot be construed to give the officers permission to enter the house and make the search which they did. The admission of the evidence under the facts of the case was error. Arnold v. State, 7 S. W. (2d) 1083; McCoppy v. State, 9 S. W. (2d) 740; McPhail v. State, 26 S. W. (2d) 218; Cornelius on Search and Seizure, par. 16, p. 69.

Because of the error committed and the unauthorized penalty, the cause is reversed and remanded for a new trial.