### ROY WHEELESS v. THE STATE.

No. 21500. Delivered March 19, 1941.
On Motion to Reinstate Appeal April 9, 1941.
Rehearing Denied May 21, 1941.

The opineon states the case.

*Sam B. Spence,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

HAWKINS, Presiding Judge.

Conviction for burglary of a private residence at night; punishment being assessed at five years in the penitentiary.

In the original transcript filed here there appeared neither judgment nor sentence. A supplemental transcript contains a sentence certified by the district clerk and after said certificate there appears what purports to be a judgment but same is not certified. If it was not subject to such criticism it does not reflect such a judgment as is required by Article 766, C. C. P. The eighth requisite of a judgment, as prescribed by said article, is that it show "the verdict" of the jury. The purported judgment here recites that the jury "returned into open court the following verdict which was received by the court and is here now entered upon the minutes of the court, to-wit: 'Jury returned a verdict of five years in the State Penitentiary'." It is apparent at a glance that such is not the verdict but some-one's interpretation of the verdict. It is contemplated by the article referred to that the verdict as returned by the jury be set out in the judgment. Such has been the interpretation of Article 766, C. C. P. See section 345, page 701, 12 Texas Jurisprudence, and cases there cited, also Moore v. State, 83 Tex. Cr. R. 302, 203 S. W. 51; Crockett v. State, 14 Texas Court of Appeals 226. The verdict, as actually returned by the jury, is nowhere shown in the minutes as reflected from the record before us. Hence we have no data from which the judgment might be corrected here.

Because of no proper judgment, this court is without jurisdiction.

The appeal is dismissed.

### ON MOTION TO REINSTATE APPEAL.

HAWKINS, Presiding Judge.

There has finally reached this court a properly certified judgment and also a statement of facts which has been on file in the office of the District Clerk since November 2, 1940, but never reached this court until April 1, 1941. We try to make allowances for errors and reasonable delays but such carelessness as is manifest in the preparation of the present record very sorely tries the patience of the court.

The appeal will be reinstated and the case disposed of on its merits.

Appellant was convicted of burglary at night of the private residence of C. S. Bost. Between 7:30 and 8:00 o'clock on the night of December 16, 1939, Mr. Bost and his wife locked the doors of their home and went away. When they returned at 10:30 o'clock that night, both the front and back doors were standing open. An RCA Victor table-model radio and 75 or 80 jars of preserved fruit had been stolen. Mrs. Bost was in a contest for preserving and had written her name in indelible ink on the labels placed on the preserve containers as she was required to do by the rules of the contest.

In May, 1940, the sheriff went to the home of appellant, who was absent at the time. The sheriff had no search warrant but told appellant's wife he would like to search the garage. She requested that she be given an opportunity to get in touch with appellant, which the officer did, waiting some 45 minutes or an hour while appellant's wife went to town looking for him. Upon her return she reported that she had not been able to find appellant and then gave the officer permission to go ahead with the search. They found in the garage the radio which was the one stolen from the Bost home. While the garage was being searched appellant arrived. When the radio was found, the officer told appellant they would like to search his residence, to which appellant gave his consent and told the officer that he (appellant) would go with him. There were found in

the house some forty-odd jars of fruit with Mrs. Bost's name on the labels. The jars of preserves and the radio were positively identified by Mr. and Mrs. Bost at the trial as the articles stolen from their home in December.

Appellant did not testify, and the only evidence offered by him was proof of a good previous reputation.

Appellant brings forward four bills of exception. They present two questions. He objected to the introduction in evidence of the radio and the jars of preserves on the ground that they had not been sufficiently identified. There is not the slightest basis for such objection. It is seldom that stolen property of the kind here involved can be identified with the certainty here present.

A further objection was urged to the evidence regarding the finding of the stolen property on the ground that the officer had no search warrant. He had the consent of appellant's wife to search the garage. See Alejandro v. State, 31 S. W. (2d) 456, 116 Tex. Cr. R. 325; Cass v. State, 61 S. W. (2d) 500, 124 Tex. Cr. R. 208; Ellis v. State, 93 S. W. (2d) 438, 130 Tex. Cr. R. 220; Ennox v. State, 94 S. W. (2d) 473, 130 Tex. Cr. R. 328; Garcia v. State, 135 S. W. (2d) 107, 138 Tex. Cr. R. 180.

The officer had the consent of appellant to search his residence. Such consent of the wife and appellant under the circumstances here present dispensed with the necessity of a warrant. See 38 Tex. Jur. p. 77, sec. 53, and cases there cited.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion, re-urges the same grounds for a rehearing which he presented for a reversal of the judgment of conviction on the original submission of this case. We have reviewed the record in the light of the motion, but remain of the opinion that the case was properly disposed of.

The motion is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.