## HUSKEY v. STATE.

### No. 25437.

Court of Criminal Appeals of Texas.

Feb. 6, 1952.

Rehearing Denied March 26, 1952.

Second Motion for Rehearing Denied April 30, 1952.

See also, Tex.Cr.App., 246 S.W.2d 637.

Croslin & Pharr and E. G. Pharr, all of Lubbock, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is possession of beer in a dry area for the purpose of sale; the punishment, 30 days in jail and a fine of $750.00.

The State has challenged our consideration of the statement of facts and bills of exception.

Notice of appeal herein was given on May 23, 1951. The thirty days provided for the filing of statement of facts and bills of exception expired on June 23, 1951.

On July 9, 1951, the trial court attempted to grant an extension of 60 days from and after May 23, 1951, by a nunc pro tunc order. This question has often been decided by this Court. "The judge has no authority to direct a nunc pro tunc filing of bills or a statement after the time limited for filing them has expired, or to approve a statement nunc pro tunc, after expiration of the time for filing it." See also cases cited in 13 Texas Digest, Criminal Law, ☞1099(9).

The State's motion for rehearing is granted; the original opinion is withdrawn; the judgment of reversal is set aside; and the judgment of the trial court is now affirmed.

On Appellant's Motion for Rehearing

BEAUCHAMP, Judge.

Appellant has filed a motion in this cause asking that a rehearing be granted, that both opinions heretofore entered be withdrawn, and that the appeal be now dismissed.

As grounds for this motion it is alleged that the judgment entered of record is fatally defective in that it does not contain the jury's verdict. The clerk of the trial court has given a certificate under seal to the effect that the original judgment filed in his office contains the jury's verdict and that a true copy of the original papers was forwarded with the transcript to the clerk of this court, but that the same is not a true copy of the judgment as recorded in the minutes of the County Court of Nolan County. He further attaches a duly authenticated copy of the judgment as filed.

Apparently appellant relies on this as a supplemental transcript because we could not consider the matter in any other manner. A supplemental transcript may not be brought to this court by appellant's brief or appellant's motion and we are not permitted to take cognizance of the matters attacked in the form herein above set out. The only way in which the transcript may be explained, modified, or in any way affected would be by supplemental transcript duly made and forwarded by the clerk of the trial court direct to the clerk of this court.

Being unable to consider the question raised, appellant's motion for rehearing and for dismissal is denied.

On Appellant's Second Motion for Rehearing

WOODLEY, Commissioner.

It is now shown by supplemental transcript that the judgment as entered in the minutes of the trial court does not contain the verdict of the jury. Appellant again moves for rehearing and dismissal of the appeal because of the absence of a

verdict in the judgment as entered in the trial court.

Appellant directs our attention to Art. 766, C.C.P., which provides that a judgment must be entered of record and must contain, "8. The verdict" and relies upon Wheeless v. State, 142 Tex.Cr.R. 68, 150 S. W.2d 806, as holding such a judgment to be *insufficient and not subject to correction in this court.*

Art. 766 is found in Chapter 3 of the Code of Criminal Procedure "Judgment and Sentence 1. In cases of felony". Arts. 783 and 784, C.C.P., are found in the same chapter under the heading, "2. Judgment in cases of misdemeanor". These articles, and not Art. 766, C.C.P., control here.

We know of no statute applicable to misdemeanor convictions requiring that the verdict be shown in the judgment as entered, and the record showing that a verdict was in fact returned and became the basis of the judgment as actually rendered, we overrule the contention that this appeal must be dismissed for lack of a sufficient final judgment.

Appellant's second motion for rehearing is overruled.

Opinion approved by the Court.