**Freddie Ray GILBREATH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39505.**

Court of Criminal Appeals of Texas.

Feb. 1, 1967.

Rehearing Denied March 22, 1967.

———◆———

C. C. Divine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Richard M. DeGuerin and John Gilleland, Asst. Dist. Attys., Houston, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is felony theft; the punishment, two years confinement in the Texas Department of Corrections.

Notice of appeal was given on November 23, 1965, prior to the effective date of the 1965 Code of Criminal Procedure.

J. H. Goddard testified that on February 11, 1965, he was the owner of a 1960 Chevrolet having a value in excess of $50.00. He related that on that date his automobile, bearing 1965 Texas license plates and with the title certificate in the glove compartment, was taken without his consent or permission from a location at the Calvary Lutheran Church in Harris County, Texas. The theft was reported to the Harris County Sheriff's Office on the same day.

Harris County Deputy Sheriff Hubbell testified that on February 21, 1965, while on an investigation with Deputy Sheriff Shipley, he observed the 1960 Chevrolet in question parked in front of the appellant's residence. Noting that the automobile bore 1964 Texas license plates known to have been stolen, and determining after further investigation that the license plates had not been issued for the 1960 Chevrolet, Officer Hubbell approached the appellant at his home and inquired about the automobile.

The appellant claimed he purchased the automobile from Charles Dale Blevins, his co-indictee, and exhibited to the officers a title certificate with an assignment of title and a bill of sale allegedly signed by J. H. Goddard. Officer Hubbell testified that upon request appellant agreed to accompany him and Officer Shipley to the Goddard home, and this is confirmed by the appellant in his testimony. At the Goddard home the complaining witness identified his stolen automobile and denied the signatures on the bill of sale and assignment of title.

Hubbell related that as a result of a conversation with the appellant at that time, the appellant admitted that he and Blevins had stolen the Chevrolet, and in the same conversation he revealed the location of the blow out rings and the 1965 license plates that had been on the automobile at the time it was stolen. The location of these items was unknown to the officers and this statement led to their recovery.

The following day, while in custody, the appellant gave a written confession concerning the theft.

Appellant insists that his arrest without a warrant was illegal and therefore both his oral and written confessions were inadmissible in evidence over his objections.

■ It is not clear from the record just when the arrest was effected. The appellant testified that he and Blevins were arrested after he had led the officers to the location where they recovered Goddard's 1965 license plates from Blevins' automobile. These events occurred after the appellant's "oral confession". Whether the accused is or not under arrest is to be determined from the sufficiency of the facts to reasonably create the impression on his mind that he is under arrest. De Lira v. State, 164 Tex. Cr.R. 194, 297 S.W.2d 953; Branch's P.C., Sec. 85, p. 84, 2nd Edition.

In Rolan v. State, 170 Tex.Cr.R. 88, 338 S.W.2d 457, this Court held that statements made by the appellant when interviewed by the Sheriff during a theft investigation were properly admitted in a prosecution for felony theft, even though the interview after 45 minutes was terminated by the arrest of the appellant.

Assuming the arrest occurred at the Goddard home prior to any oral confession, the officers knew at that time that the automobile was stolen, that it bore license plates stolen at another time and place, and that the owner had denied his signatures on the bill of sale and assignment of title in possession of the appellant. With such information the arrest without a warrant was authorized.

■ The statements made by the appellant at the Goddard home, if he was under arrest, in which he admitted his guilt and which led to the recovery of the license plates and blow out rings were admissible as an oral confession under the provisions of Article 727, Vernon's Ann.C.C.P., in effect at the time of the trial. Foster v. State, Tex.Cr.App., 400 S.W.2d 552; Guillory v. State, Tex.Cr.App., 400 S.W.2d 751; Edmond v. State, 169 Tex.Cr.R. 637, 336 S.W. 2d 946; Smith v. State, 166 Tex.Cr.R. 614, 317 S.W.2d 539.

The State's evidence further shows that the written confession was given by the appellant after he had been given the statutory warning required by Article 727, V.A.C.C. P., and after he had waived his right to counsel. The careful trial judge conducted a separate hearing in the absence of the jury on the voluntariness of the confession in accordance with the procedure recommended by this Court in Lopez v. State, Tex. Cr.App., 384 S.W.2d 345, and entered a separate order finding the confession voluntary and resolving the factual disputes.

The disputed issues of the voluntariness of both the oral and written confessions subsequently raised by the evidence were submitted to the jury under appropriate instructions. We find no merit in appellant's first contention.

The appellant's remaining contention is that the trial court erred in failing to exclude evidence of handwriting. The appellant's contention refers to the signature and initials on the written confession and the alleged signatures of J. H. Goddard and other writing on the assignment of title and bill of sale. He cites Article 731, V.A.C.C. P., (now Article 38.27 without change) as his authority. This article provides as follows:

"It is competent to give evidence of handwriting by comparison, made by experts or by the jury. Proof by comparison only shall not be sufficient to establish the handwriting of a witness who denies his signature under oath."

■ The State did not rely upon comparison testimony to prove appellant's signature and initials on the written confession, but offered witnesses who saw the appellant sign the confession and initial the corrections. Goddard denied that the signatures and writing on the bill of sale and assignment of title were his, and Blevins, the co-indictee, testifying for the State, contradicted appellant's testimony that he (Blevins) had written the bill of sale and signed the assignment of title.

The State on cross-examination did ask the appellant if there was any similarity between the signature on the confession with the words "sold to Freddie Ray Gilbreath" on the bill of sale, but only after appellant had made a similar inquiry about such instruments on direct examination.

Under these circumstances Article 731 V.A.C.C.P. has no application. See Lieb v. State, 163 Tex.Cr.R. 1, 288 S.W.2d 110; Newby v. State, Tex.Cr.App., 384 S.W.2d 133.

The judgment is affirmed.