Vernon O. BARNETT, Appellant,

v.

The STATE of Texas, Appellee.

No. 41876.

Court of Criminal Appeals of Texas.

Feb. 19, 1969.

Rehearing Denied May 7, 1969.

Second Motion for Rehearing Denied June 11, 1969.

Certiorari Denied Nov. 10, 1969.
See 90 S.Ct. 216.

Sheey, Jones, Cureton, Westbrook & Lovelace, by Joel W. Westbrook, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., George Allen, Asst. Dist. Atty., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for the unlawful possession of marihuana; the punishment, ten years.

The evidence reflects that one hundred grams of marihuana were found in an attache or brief case belonging to appellant. The first two complaints were that physical evidence was obtained as a result of an illegal arrest; and, that oral statements made by appellant were inadmissible and consent to search was not voluntary because he was under an illegal arrest and was not given warnings that he had a right to counsel and a right to remain silent under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694; and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

■ The facts on the motion to suppress evidence and those on the merits will be considered on the controlling issue of whether or not there was an illegal arrest. Two officers of the Texas Liquor Control Board and J. T. Conley, a narcotic agent of the Texas Department of Public Safety, entered Walker's Auditorium in Waco and saw Leon Stewart, Albert Lee Acklin and the appellant, Barnett, drinking beer at the bar. The three men turned toward the officers and appeared to be very nervous. Barnett pushed his unfinished drink away and said, "Let's go." As they walked toward the door, Conley identified himself as an officer and asked appellant his name. He stated that it was "Spots" Barnett, and that he was a musician from San Antonio. In response to a question, he told Conley that he had been arrested once for barbiturates in San Antonio. Conley asked to see, and was shown, Barnett's identification. Conley had heard

from Agent Maroney that a "Spots" Barnett had been arrested for barbiturates in San Antonio, and Conley thought appellant was the same person. Barnett said he had come to Waco in Stewart's automobile which was just outside the door. Conley asked Barnett if he had anything in the car, and Barnett replied that he had a brief case that contained some contracts and personal effects. Conley asked if he could look through the brief case, and Barnett said: "It's Leon's (Stewart's) car. If its okay with Leon, its okay with me."

Agent Conley testified that Stewart gave permission to search and opened the door of the automobile. When the light came on, Conley asked Stewart if the brief case was his, and Barnett said, "No, it is mine. My brief case." Conley asked Barnett for, and was granted, permission to look through the brief case. Barnett opened it for the officers. Conley asked what was in the brown paper bag, and Barnett stated: "Mr. Conley, you know what's in the bag. Marihuana." Agent Conley testified that Barnett was not under arrest at the time he obtained permission to search, and after Barnett showed his identification he would not have detained him had he tried to leave. Conley testified that he had no idea of making a search after the identification was confirmed, but he would have detained Barnett had he not complied with the request to establish his identification; and that the arrest was not made until after Conley found the marihuana, a .357 magnum pistol and some pills.

Gilbreath v. State, Tex.Cr.App., 412 S.W. 2d 60, states the rule: "Whether the accused is or is not under arrest is to be determined from the sufficiency of the facts to reasonably create the impression on his mind that he is under arrest." Since appellant did not testify, only the testimony of Agent Conley and the surrounding facts and circumstances can be considered.

In Rolan v. State, 170 Tex.Cr.R. 88, 338 S.W.2d 457, the officer, as in the present case, had no warrant of arrest. While investigating the theft of stolen property, the

officer located Rolan and interrogated him for some 45 minutes before placing him under arrest. At no time prior to such arrest did he advise Rolan that he intended to arrest him. On cross-examination the officer testified that if Rolan had tried to leave, he would have tried to stop him, because he wanted to talk to him. He also testified that if Rolan had refused to talk to him, he would have been free to go, but in that event he would have obtained a warrant. This court held that there was no arrest during the interrogation.

In the present case the trial court overruled the contentions in the motion to suppress and during the trial. Thus, it held that appellant was not under arrest when the consent to search was given and oral statements were made. The court did not charge on, and appellant did not choose to have the jury pass upon, the question of illegally obtained evidence. Article 38.23, Vernon's Ann.C.C.P., provides:

"No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

"In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained."

No complaint is made because no such charge was given. Appellant was, at that time, apparently satisfied with the finding of the trial court. The trial court had before it sufficient evidence to hold that the evidence was not obtained as a result of an illegal arrest.

Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694, expressly holds that the warning on the right to remain silent and the right to counsel is required only in custodial interrogation. See Taylor v. State, Tex.Cr.App., 420 S.W.2d 601. Since appellant was not under arrest, it is not necessary to decide whether after an arrest a warning on the right to remain silent and to have counsel should be given before consent to search is obtained.

Appellant cites Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, on the question of consent to search. In that case the officers stated to the grandmother of the accused that they had a search warrant, and afterwards she consented to the search of the house. This court has held that when an officer states he has a search warrant, and thereafter consent is given, evidence obtained as a result of the search is inadmissible. Garcia v. State, 138 Tex.Cr.R. 180, 135 S.W.2d 107; Balch v. State, 115 S.W.2d 676. Since no search warrant, or reference thereto, was used in the present case to obtain consent to search, Bumper is not controlling.

Appellant's first and second grounds of error are overruled.

■ Complaint is made that appellant was not advised of his right to counsel before he confessed and that there was no proof of an intelligent waiver of such right.

John Cabaniss testified that he was a Justice of the Peace; that he advised appellant of the nature of the charges against him; that he did not have to make any statement, and if he did, it could be used in evidence against him; that he did not have to give an interview with either the officers or any member of the district attorney's staff. He stated that appellant would have a reasonable time in which to get an attorney; and: "If you want to talk to one, you'll be allowed to do so very shortly. If you are too poor to hire an attorney and ask me to do so, I'll appoint one to defend you." Appellant was also informed that if he gave an interview, the law gave him a right to stop it at any time. After

giving him the warning, Judge Cabaniss asked if he fully understood the warning and if appellant had any requests or demands. Appellant had none. Judge Cabaniss gave the entire warning again, and again told him he would appoint counsel.

Tommy Tatum testified that he was an assistant district attorney, that he talked with appellant, and asked him if he had just been warned by Judge Cabaniss. Appellant said that he had. Tatum asked appellant if he understood that he did not have to make a statement, and that he could have an attorney there. He said he understood. Tatum asked him if he wanted to go ahead and make a statement without an attorney there, and appellant said that he did. Tatum handed appellant the statement and told him that the warning the judge had given him was the first part of the statement and pointed it out to him. It appeared that appellant read the entire statement, and had no corrections to make. No promises, threats or coercion was used to get the statement.

Agent Conley corroborated the testimony of Judge Cabaniss and Tatum.

Appellant's confession recited that he had bought a half pound of marihuana in San Antonio for $60.00; that most of it was found, along with some pills, in the attache case; that Stewart let the officers look through the car, and he, appellant, gave Conley permission to look through the attache case. Appellant neither testified nor offered any evidence as to the involuntariness of the confession.

The trial court found that both Judge Cabaniss and Tatum had fully warned appellant in accordance with Art. 15.17, Vernon's Ann.C.C.P.; and that he was advised of his right to counsel prior to and during the making and signing of the confession; that appellant read and thoroughly understood the confession; and, that he knowingly, intelligently and voluntarily waived his right to counsel. The trial court also found that the confession was not induced by any threat, coercion, deception, compulsion or any improper influence on the part of anyone toward appellant.

Appellant made no issue concerning the voluntariness of the confession or waiver of counsel during the trial. The trial court had sufficient evidence to hold as a matter of fact and of law that counsel was waived, and that it was a voluntary confession. The requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct 1602, 16 L.Ed.2d 694, were met.

Appellant contends that the statement by Judge Cabaniss that if appellant " * * * did decide that it would be to his best interest to give an interview, that he would have a reasonable time in which to get an attorney * * * " would show that he was not advised that he could consult with a lawyer prior to making a statement. Judge Cabaniss also stated:

"I advised him again that he did not have to make any statement, that if he did make a statement that it could be used in evidence against him in the case, that he had a right to consult with an attorney and have his attorney decide, and I again warned him that I would appoint one if he were too poor to hire one."

These statements and the other warnings show that appellant was advised of his right to have counsel present prior to an interview. The record contains one written and three oral warnings concerning appellant's right to counsel and his right to remain silent. All of the requirements of Art. 38.22, V.A.C.C.P., and Torres v. State, Tex.Cr.App., 422 S.W.2d 741, both in majority and concurring opinions, have been met.

The judgment is affirmed.