**N. L. JEMMERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45110.**

Court of Criminal Appeals of Texas.

June 21, 1972.

Rehearing Denied July 28, 1972.

**202**

Melvyn Carson Bruder, Dallas (Court appointed on Appeal), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery; the punishment, life.

■ Appellant challenges the sufficiency of the evidence to support his conviction. He contends that the evidence reflects the offense of theft, not robbery.

The complaining witness testified that on the day in question he heard a knock on the door of his office, opened it and saw the appellant standing there with his hand in his pocket. He stated the appellant told him to "get on in there," grabbed his shoulder and pushed him back after which the two wrestled for a few seconds before the complaining witness broke free and ran out of his office. The complaining witness further testified that he was in fear of his life or serious bodily harm and that "a little over $700." was taken during his absence from the office.

The foregoing testimony clearly establishes antecedent violence which distinguishes the offense of robbery from that of theft from the person. See Van Arsdale v. State, 148 Tex.Cr.R. 639, 198 S. W.2d 270. Cf. Jones v. State, Tex.Cr. App., 467 S.W.2d 453.

Appellant's reliance on the dissent, Rayford v. State, Tex.Cr.App., 423 S.W.2d 300, is misplaced. In Rayford, supra, the dissent concluded that the evidence did not show that any actual or threatened violence had been inflicted on the complaining witness prior to the robbery. Such is not the situation in the case at bar.

Appellant also contends that the money which was introduced at his trial was seized as the result of an illegal search. Specifically, he claims that his wife did not voluntarily consent to the search of their home since the officers failed to advise her she did not have to consent to the search, that she could require a search warrant and that any evidence found might be used against her husband in a criminal prosecution.

At the hearing on the motion to suppress the evidence, Dallas Police Detective H. M. Moore testified that he went to the Jemmerson home on the day of the offense and after searching the premises found $671. Moore also testified that Mrs. Jemmerson invited him in before he asked permission to search and that he informed her that her husband, who was not at home at the time, was a robbery suspect and that he (Moore) was looking for some money and clothes in connection with that offense.

At that hearing Mrs. Jemmerson testified in response to questions by appellant's counsel:

"Q . . . did they identify themselves as Dallas police officers?

"A Yes.

"Q All right. And did you invite them in the house?

"A Yes.

"Q All right. Did they ask you if they could look around and search the house?

"A Yes.

"Did you tell them they could?

"A Yes."

She also stated that she signed a written consent to search after the search had taken place. Detective Moore testified the written consent was executed prior to the search. The written consent was not introduced into evidence.

■ The court found that the search of the premises was voluntary and executed with Mrs. Jemmerson's consent which she freely gave after being informed that the searchers were law enforcement officers and were searching for matters in connection with a robbery in which her husband was a suspect.

We have examined the record and conclude the trial court was justified in its findings.

In DeVoyle v. State, Tex.Cr.App., 471 S.W.2d 77, this Court said:

". . . even though good police practice, we hold that it is not a requirement that the validity of consent to search is dependent upon giving of the 'Miranda' warnings. Compare Barnett v. State, Tex.Cr.App., 447 S.W.2d 684, cert. denied, 396 U.S. 910, 90 S.Ct. 216, 24 L. Ed.2d 185. See also Gorman v. United States, 380 F.2d 158 (1st Cir., 1967); State v. McCarty, 199 Kan. 116, 427 P.2d 616 (1967)."

Further, the record reflects Mrs. Jemmerson freely and voluntarily consented to the search of her home. There is nothing in the record to indicate deceit, duress or coercion. Cf. Paprskar v. State, Tex.Cr. App., (No. 44,447, June 7, 1972).

Finding no reversible error, the judgment is affirmed.