**Michael Ray WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–81–048–CR.**

Court of Appeals of Texas,
Texarkana.

Nov. 24, 1981.

Russell W. Henrichs, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., John D. Nation, Asst. Dist. Atty., Dallas, for appellee.

CORNELIUS, Chief Justice.

Michael Ray White was convicted by a jury of the offense of murder and assessed punishment of 15 years confinement.

The sufficiency of the evidence is not challenged. The sole ground of error on appeal asserts that reversible error was committed when the State was allowed to introduce evidence of the circumstances of appellant's arrest. It is contended that the evidence improperly advised the jury that appellant had committed an offense other than that for which he was being tried.

Appellant was arrested at the apartment of one JoElla Jenkins some two or three hours after the shooting which formed the basis of the murder charge. Officer Levy testified, without elaboration, that he arrested appellant at Mrs. Jenkins' apartment. Later, after appellant had voluntarily taken the stand to testify, the following occurred on cross-examination by State's counsel:

PROSECUTOR: Let me ask you, without going into what might have happened inside the apartment then, where were you when you got arrested, when the police arrived and told you that you were going to be arrested, where were you?
APPELLANT: At JoElla Jenkins' apartment.
PROSECUTOR: Okay. And do you remember how you were taken outside the apartment?
APPELLANT: Yes, I do.
PROSECUTOR: They took you through the window that was broken out, didn't they?
DEFENSE COUNSEL: Judge, that is in violation of my motion in limine.
THE COURT: Overruled.
DEFENSE COUNSEL: Exception.

Appellant argues that the questions about his being taken out of a broken window at the apartment improperly advised the jury that he had committed the extraneous offense of burglary.

We find no reversible error. The State is entitled to prove the circumstances surrounding the arrest of the accused unless the evidence has no relevance to any issue in the case and is inherently prejudicial to the accused. *Whittington v. State*, 580 S.W.2d 845 (Tex.Cr.App.1979); *Hernandez v. State*, 484 S.W.2d 754 (Tex.Cr.App.1972); *Jemmerson v. State*, 482 S.W.2d 201 (Tex. Cr.App.1972); *Jones v. State*, 471 S.W.2d 413 (Tex.Cr.App.1971).

Evidence that appellant was taken out of the apartment through a broken window does not necessarily indicate that an extraneous offense had been committed, or that appellant had committed such an offense or was accused of doing so. Even if the evidence could so be construed, it can hardly be said to have been prejudicial to appellant's case, considering the fact that he voluntarily testified without objection that he had threatened to kill Mrs. Jenkins and her babies and had armed himself and was on the way to her apartment when the murder for which he was tried occurred.

The judgment is affirmed.