J. P. NELSON v. THE STATE.

No. 3081. Decided June 23, 1905.

1.—Theft From the Person—Charge—Harmless Error.

Where on a trial of theft from the person, the evidence showed that prosecuting witness knew when the property was taken, there was no error in instructing the jury that the theft must be committed without the knowledge of the person from whom the property was taken or so suddenly as not to allow time to make resistance before the property was carried away, as such a charge if error was harmless.

2.—Same—Evidence—Res Gestae—Declarations of Third Parties.

Where on a trial for theft from the person, the testimony of the prosecutor and that of the policeman who made the arrest, was that only a few moments elapsed between the time the defendant ran into said officer's arms and the time the prosecutor came up and in defendant's presence told the officer that defendant snatched his watch, that he ran after him and that he was the person who took his watch, the same was res gestæ; the court having properly excluded the statement to these witnesses of a third party, who was under the rule as a witness, as to an investigation they made at his saloon.

3.—Same—Official Stenographer—Criminal District Court of Dallas.

The act creating a court stenographer does not include the Criminal District Court of Dallas County in its terms, and there was no error in proceeding with the trial of a felony case without a stenographer in said court.

Appeal from the Criminal District Court of Dallas. Tried below before Hon. E. B. Muse.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for either party has reached the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft from the person, and his punishment fixed at confinement in the penitentiary for a term of two years.

Appellant's first bill of exceptions complains of the following portion of the charge of the court: * * * "The theft must be committed without the knowledge of the person from whom the property is taken, or so suddenly as not to allow time to make resistance before the property is carried away." Appellant says that the court erred in so charging the jury, in that part which states that the theft must be committed without the knowledge of the person from whom the property is taken, for the reason that there was no evidence that the theft, if any, was committed without the knowledge of the person from whom the property was so taken. As insisted by appellant, the evidence shows that prosecuting witness knew when the property was taken. This being so, we are at a loss to understand how the charge complained of could have injured appellant. If it be conceded that the charge was erroneous, the error is harmless so far as appellant is concerned.

The evidence shows substantially that prosecuting witness was accosted by appellant with the statement that he wanted to buy his watch. He took the watch out of his pocket, held it in his hand, while appellant looked at it. Appellant grabbed the watch so suddenly as not to permit witness to resist the taking, and ran. Prosecutor followed him, and an officer intercepted and caught appellant. In a few moments prosecuting witness ran up. By appellant's second bill he complains that prosecutor Oliver was permitted to testify that at the time of the arrest of defendant by police officer Hall, as soon as Oliver ran up to defendant and the officer, that he (Oliver) told Hall, in the presence of defendant that he held his watch in his hand for defendant to see; that defendant snatched it away from him, and ran; that he (Oliver) followed defendant; that defendant was the person who got his watch. To this appellant objected, because the same was hearsay and inadmissible; defendant was under arrest at the time; that it was in effect permitting the witness Oliver (who was the only witness who testified as to the theft) to corroborate himself and strengthen the weight of his testimony given before the jury that defendant was the man who committed the theft; that while the statement was made immediately after the theft, the same could not be res gestæ for the reason that it was the narration of a past event. The bill further shows that officer Hall was permitted to state that the same statement was made to him that Oliver testified to. The bill further shows that the court, over the objection of appellant, permitted witnesses Hall and Oliver, to state what defendant said at the time he was under arrest and unwarned, after having been charged with the theft by witness Oliver to wit: that he was at the saloon of Alf Martin, at the time the offense was committed, and was not the party who committed it. In the same connection the State was permitted, over the

objections of defendant, to ask witness Oliver, after the statement of defendant was made, if he (Oliver) did not make an investigation to find out whether or not the statement of defendant was true; and witness Oliver, stated that he made such investigation; and was further permitted to state by whom such investigation was made and how to wit: that he (Oliver) and officer Hall, taking defendant with them, went to the saloon of Alf Martin, for the purpose of making this investigation, and that they made the same. Whereupon counsel for the State, over defendant's objection, asked witness Oliver to state to the jury what was the result of the investigation (meaning thereby, what did Alf Martin say about it). Appellant objected, and this portion of his objection was sustained; and sustaining the objection the court gave as his reason for so doing, that the witness Oliver was present and could answer for himself. The court appends this explanation to the bill: "The witness Hall, the policeman, went by Alf Martin's saloon, but had no talk. There was music and dancing- in the saloon. Hall in passing simply said 'cut that out,' referring to the music. Some one on the inside replied, 'all right, copper.' Alf Martin was under the rule; the court did say that Alf Martin is here as a witness, and can speak for himself; and overruled State's witness in regard to what investigation, if any, Hall made as to Nelson's statement that he was at Alf Martin's saloon. See statement of facts and Martin's testimony. Oliver and Hall each testified that only a few moments elapsed between the time Nelson ran into Hall's arms and the time when Oliver came up." We think all of this testimony was res gestæ. However, as appellant insists, it was not proper for the court to permit Oliver to testify to his investigation at the Martin saloon. From the bill it appears that this was excluded.

Appellant's third bill complains of the failure of the court to permit appellant to have the official stenographer take down the testimony. The bill shows that the stenographer was sick. Appended to the bill is this qualification: "The jury had been empaneled and witness Oliver had advanced some distance in his testimony before counsel for defense noticed the absence of the stenographer. The court suspended, and gave counsel for defendant an opportunity to go out and look for a stenographer; he came back after some time without one. The court then instructed the deputy sheriff to see if he could find one, the deputy was gone some time and failed to find a stenographer. The trial then proceeded; the case was a short and simple one; practically only three witnesses in the case as to any issue raised. The act creating Court Stenographer does not include the Criminal District Court of Dallas County in its terms, though the commissioners court of Dallas County has raised no objections to this court having one and drawing on the county for the compensation of same." There was no error in the ruling of the court. Andrews v. State, 8 Texas Ct. Rep., 572.

The evidence being sufficient, the judgment is affirmed.

*Affirmed.*