Jim Hill v. The State.

No. 7484. Decided October 24, 1923. ·

**1.—Transporting Intoxicating Liquor—Evidence—Declarations by Defendant.**

Where, upon trial of unlawfully transporting liquor, defendant sought to prove, on cross-examination of the officer who made the arrest, that at the time three quarts of liquid were found in his possession, he stated to the officer that he found them by the car and that he did not know what they contained, it was error to reject this testimony as self-serving, as they were part of the *res gestate*, and admissible in evidence. Following Ward v. State, 41 Texas, 613, and other cases.

**2.—Same—Confessions—Acts of Accused.**

Proof that defendant seized the jar and drank part of its contents, being an act done when under arrest (not *res gestae*) and which tended to show guilt, was improperly received, as the statute applies not only to words but to the acts of the accused. Following Brent v. State, 89 Texas Crim. Rep., 545, and other cases.

Appeal from the District Court of Bowie. Tried below before the Honorable P. A. Turner.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinions states the case.

*Johnson & Waters*, for appellant. On question of confession and acts of defendant, Nolen v. State, 14 Texas Crim. App., 474; Fulcher v. State, 13 S. W. Rep., 750; Lasister v. State, 94 id., 233. ·

*R. G. Storey*, Assistant Attorney General, for the State. On question of confession, Moore v. State, 87 Texas Crim. Rep., 575.

MORROW, Presiding Judge.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Appellant was arrested by the witness Jordan, who was searching the cars in the railroad yards. He found a number of negroes in one of the cars and observed the appellant walking on the ground. Appellant was stopped and from his possession the officer took three quart-bottles of liquid. Two of them he poured on the ground. Appellant and the remaining bottle were taken to the jail. According to the officer having him in charge, when appellant reached the jail he was very cold, and grabbed up the jar and drank about half of its contents. The officer expressed the opinion or belief that the liquid was whisky. Upon tests made by some of the State's witnesses, the liquid was poured upon the ground would not burn, and

according to their testimony, it had no odor which was discoverable and the liquid was not tested by them. Other witnesses said that the liquid had the odor and appearance of white corn whisky. It was also shown that whisky would burn. That which remained in the jar in the possession of the State was not introduced in evidence, nor was there testimony showing any analysis of it. Appellant's witnesses testified that the article was not whisky.

By the same officer who made the arrest, appellant sought to prove on cross-examination that at the time the three quarts of liquid were found in his possession; appellant stated that he had found them by the car and that he did not know what they contained. This was rejected as self-serving. Judges and text-writers agree that "where a person does any act material to be understood, his declarations made at the time of the transaction, and expressive of its character, motive, or object, are regarded as verbal acts indicating a present purpose and intention, and are therefore admitted in proof like other material facts." The quotation is from the opinion of Chief Roberts in the case of Ward v. State, 41 Texas 613, in which it was decided that the declarations of one found in possession of property recently stolen made at the time of his arrest or apprehension in explanation of his' possession, were admissible. Such declarations are a part of the res gestae and are admissible either for or against the accused. Effect has been given to this principle many times by this court. See Branch's Ann. Tex. P. C., Secs. 85 and 86 and numerous cases listed. See also page 1333 of the same book, as well as Miller v. State, 31 Texas Crim. Rep. 609; Johnson v. State, 46 Texas Crim. Rep. 291; Woodward v. State, 58 Texas Crim. Rep. 412; Nelson v. State, 48 Texas Crim. Rep., 471; Bronson v. State, 59 Texas Crim. Rep., 618. It is a rule of general application and is thus stated in Underhill's Crim. Ev., 3rd Ed., Sec. 166. See also Corpus Juris, Vol. 16, p. 553, sec. 1070; Cyc. of Law & Proc., Vol. 25, p. 138.

Article 810, C. C. P. which inhibits proof against one accused of crime of confessions while under arrest unless the exceptions of the statute are met, applies not only to the words but to the acts of the accused. Many illustrations are found in the reports. See Branch's Ann. Tex. P. C., Sec. 59; also Johnson v. State, 50 Texas Crim. Rep., 118; Brent v. State, 89 Texas Crim. Rep. 545; Hernan v. State, 42 Texas Crim. Rep., 464; Dover v. State, 81 Texas Crim. Rep. 553. Proof that appellant seized the jar and drank part of its contents being an act done when under arrest, not (res gestae), and which tended to show guilt, was improperly received.

In the state of the record, the errors pointed out are deemed material and are such as require a reversal of the judgment. It is so ordered.

*Reversed and remanded.*