## BUD WRIGHT v. THE STATE.

No. 9040.    Delivered May 6, 1925.

Rehearing denied June 10, 1925.

**1.—Manufacturing Intoxicating Liquor—Indictment—Held Sufficient.**

Where the date of a charge of manufacturing intoxicating liquor was set out in the indictment as on or about the 2nd day of Dec. 1921 a motion to quash on the ground that the exceptions were not negatived was properly overruled. The act of the First Called Session Thirty-seventh Legislature, Chap. 61, which made it no longer necessary, to negative the exceptions in the indictment became effective November 15, 1921. See Stringer v. State, 92 Tex. C. R. 26 and other cases cited.

**2.—Same—Evidence—Harmless, If Error.**

Complaint is made of a conversation between the district attorney and a witness outside the court room, and not in defendant's presence, as to the date of the commission of the offense, appellant seeking to show its commission prior to November 15, 1921. If error this conversation was harmless,

as the defendant did not testify, and other undisputed testimony conclusively established the date as subsequent to Nov. 15, 1921.

**3.—Same—Charge of Court—Written Objections to—Practice on Appeal.**

Exceptions to the court's charge will not be considered on appeal unless written exceptions were timely presented, as required by Art. 735, C. C. P.

**4.—Same—Rehearing—Special Judge—Transcript—Must Show Election.**

This cause was tried before Hon. H. G. Evans, special Judge, and the original transcript failed to show his election, his oath as special Judge, and the absence of the regular Judge. By supplemental transcript now before us this inaccuracy in the original transcript has been cured.

Appeal from the District Court of Fannin County. Tried below before the Hon. H. G. Evans, Special Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Cunningham & Lipscomb,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for manufacturing intoxicating liquor. Punishment, one year in the penitentiary.

The indictment alleged the offense to have occurred on or about the 2d day of December, 1921. The exceptions were not negatived, and the motion to quash the indictment because of this omission was overruled. The amendment passed at First Called Session, Thirty-seventh Legislature, Chap. 61, made it no longer necessary to negative the exceptions in charging offenses occurring after the amendment became effective on November 15, 1921. (Stringer v. State, 92 Texas Crim. Rep. 26, 241 S. W. 159; Mullins v. State, 93 Texas Crim. Rep. 474, 247 S. W. 285.) The court properly overruled the motion to quash, but guarded defendant's rights by instructing the jury that if the offense was committed before November 15, 1921, a conviction could not be had under the present indictment.

Roy Taylor and Walter Taylor testified to seeing appellant engaged in the manufacture of whiskey. Defendant offered no defense, save questioning the success of the State in showing that the transaction occurred subsequent to the 15th day of November, 1921. Complaint is made that the State was permitted to prove by Roy Taylor that the district attorney, outside the court room and not in defendant's presence, had shown witness the warrant of arrest for defendant which was dated December 20, 1921, and which also showed when the arrest was made, and that witness had told the district attorney that he knew defendant was arrested within a few days

after the alleged offense, and that witness was able to fix the date of the offense by the warrant of arrest and the statement of the district attorney. The conversation between witness and the district attorney would not be admissible unless it became so by reason of some cross-examination of witness by defendant. But even though improperly received, we see no possible injury to defendant in view of other evidence fixing the date of the offense without reference to the incident complained of. Roy Taylor testified that he and his brother commenced trapping the last of November or first of December, and they saw defendant making the whiskey about four days after they set their traps. Walter Taylor fixes the offense as having occurred not more than ten days before deputy sheriff Leeman arrested defendant. Leeman testified that he filed complaints against defendant on December 22nd, having arrested him the day before under a search warrant. The date of the offense is thus fixed so positively and without dispute as being subsequent to November, 15th, that we regard the incident complained of entirely harmless.

We find two bills of exception criticising portions of the charge. They fail to show that written objections were timely presented as required by Art. 735, C. C. P., and may not be considered.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The case was tried before Hon. H. G. Evans, Special Judge. In the motion for rehearing appellant calls attention to the fact that in the record on file in this court there appeared no entry showing the authority of said special judge to act as such. By supplemental transcript now before us, the State shows the election of said special judge by the bar of Fannin County to hold court in the absence of the regular judge, and the oath taken by said special judge.

In our judgment, the other questions raised were properly disposed of in the original opinion.

The motion for rehearing is overruled.

*Overruled.*