VIRGIL TERRILL v. THE STATE.

No. 19138.   Delivered November 17, 1937.
Rehearing Denied February 2, 1938.

The opinion states the case.

*Paul E. Parkins*, of Gladewater, and *Harvey P. Shead*, of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, death.

The proof on the part of the State supported the conclusion of the jury that, on the 7th of January, 1937, appellant, who is a negro, raped Mrs. Ben Wolfe, a white woman. On the night of the rape Mrs. Wolfe's husband was away from home. According to her testimony, she and her small children had just gone to bed when a negro man entered her room and raped her. She screamed and fought him, but to no avail. She said: "I was afraid of my life and my babies' lives. I thought of them first." At the time of the assault she was menstruating. Immediately after her assailant left she ran to her neighbor's and reported the outrage.

Appellant was arrested shortly after the occurrence. Officers testified that he had blood on his penis and on his underwear. There were tracks in the back yard at the home of prosecutrix. An officer testified: "I set some shoes in those tracks. They fit perfectly. The shoes that fit in the tracks I had taken off of Virgil Terrill (appellant). I went inside the house."

In his confession appellant admitted his guilt. However, upon the trial he repudiated his confession, declaring the officers coerced him into making it. In his testimony, he denied that he assaulted prosecutrix.

The officers denied that they had coerced appellant.

Bill of exception No. 2 recites that appellant objected to all of the testimony of the State to the effect that appellant picked up a knife and pin that had been taken off of some negroes and "started to walk out." Again, it is recited in the bill that objection was made by the appellant to other acts and statements on his part while he was under arrest. The bill is insufficient in failing to show that the declarations and acts were not part of the res gestae or did not come within some other exception to the rule against proving declarations of a party while under arrest. 4 Tex. Jur., page 336. In passing on a similar bill of exception, in Howard v. State, 298 S. W., 587, this court said: "The silence of the record touching the proximity in time and place of the arrest to the alleged assault renders the bill insufficient to show that the declaration was not properly received as res gestae. Stone v. State, 98 Texas Crim. Rep., 364, 265 S. W., 900; Hill v. State, 95 Texas Crim. Rep., 500, 255 S. W., 433; Cavanar v. State, 99 Texas Crim. Rep., 446, 269 S. W., 1053."

In bill of exception No. 3 it is shown that appellant objected to the charge of the court on several grounds specified in said bill. The bill fails to show that appellant filed written exceptions to the charge, as required by Art. 658, C. C. P., which we quote, in part, as follows: "Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection."

Bills of exception 4, 6, 11, 12 and 13 relate to appellant's objections to testimony of the prosecutrix and other witnesses to the effect that immediately after she had been raped she ran to a neighbor's house and reported the matter. Touching the condition of prosecutrix at the time she made outcry, one of the witnesses said: "She was nervous as she could be and just crying the most pitiful cry I ever heard when I opened the door. * * * She was just wringing her hands." The testimony shown in said bills was clearly admissible as part of the res gestae. See Branch's Ann. P. C., Sec. 83; Ward v. State, 159 S. W., 276.

It appears from bill of exception No. 8 that after three jurors had been selected, a fourth juror was sworn and placed in the jury room with said three others. Later the State pro-

duced a certified copy of a judgment showing that the fourth juror had been convicted of a felony and given a suspended sentence. There is nothing in the bill of exception to show that the suspended sentence had been set aside. We quote Art. 780, C. C. P., as follows:

"In any case of suspended sentence, at any time after the expiration of the time assessed as punishment by the jury, the defendant may make his written sworn motion for a new trial and dismissal of such case, stating therein that since such former trial and conviction he has not been convicted of any felony, which motion shall be heard by the court during the first term time after same is filed. If it appears to the court, upon such hearing, that the defendant has not been convicted of any other felony, the court shall enter an order reciting the fact, and shall grant the defendant a new trial and shall then dismiss said cause. After the setting aside and dismissal of any judgment of conviction as herein provided for, the fact of such conviction shall not be shown or inquired into for any purpose except in cases where the defendant has been again indicted for a felony and invokes the benefit of this law."

It is recited in the bill of exception that appellant objected to the action of the court in excusing the juror on the ground that no witness testified that said juror was the same person mentioned in the judgment of conviction. There is nothing in the bill of exception to support said ground of objection. As the matter is presented, we must indulge the presumption that the trial court's action in excusing the juror was correct. The juror was under indictment for a felony until the suspended sentence had been set aside. Subdivision 4 of Art. 616, provides that a juror is disqualified who is under indictment or other legal accusation for theft or any felony. This disqualification is absolute. Art. 619, C. C. P.; Lowe v. State, 226 S. W., 674.

It is observed that the bill of exception fails to show what was done with the remainder of the panel. Hence we are not concerned with the question as to whether it was incumbent on the trial judge to discharge the entire panel. Burton v. State, 86 S. W. (2d) 768.

A careful examination of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

GRAVES, Judge, absent.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—The attorney originally appointed by the court to represent the defendant has died since the original opinion herein was written, and another attorney appointed by the court files this motion for rehearing, and in the same requests reconsideration of bill of exceptions No. 2, which relates to the fact of the appellant having in his possession a knife and two pins supposedly used in making an entry into the house of Mr. Wolfe, and also of his bill of exceptions No. 8, which complains of the court's action in dismissing a juror who was found to be under a suspended sentence.

We can see no reason why we should change our original opinion relative to this matter. Bill of exceptions No. 2 is so vague and indefinite we are unable to ascertain therefrom the matters complained about. Bill of exceptions No. 8 is also in such condition that we see no error reflected therefrom.

While we are cognizant of the fact that the extreme penalty has been awarded this appellant and that all fair indulgences should be given to him relative to his record, nevertheless the record that is presented here, in our opinion, evidences no error, and his motion for rehearing is therefore overruled.

*Overruled.*