ALFRED JAMES MARX V. STATE

No. 27,525. April 20, 1955

*Shelton & James,* by *Thomas E. James,* Austin, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is a conviction for negligent homicide of the second degree; the punishment, eighteen months in jail.

The prosecution is under Articles 1239 and 1240, V.A.P.C., which provide that negligent homicide of the second degree is committed when the person guilty thereof is in the act of committing or attempting the commission of an unlawful act which, under the penal law, is a misdemeanor.

Th evidence shows that around six o'clock on the evening of June 23, 1954, at the intersection of West 31st Street and West Avenue in the city of Austin, Travis County, Texas, an automobile driven by appellant was involved in a collision with an automobile driven by Mrs. Velma Crawford Beall and that in the collision Mrs. Beall received certain head injuries from which she died some fifteen minutes later.

It is shown that appellant was traveling west on West 31st Street and that the automobile driven by Mrs. Beall was traveling north on West Avenue, and that the two cars collided at approximately the center of the intersection. In the east entrance

of the intersection the city had placed, pursuant to a city ordinance, an official stop sign on West 31st Street and which was located ten feet from the curb line of West Avenue. The testimony shows that this stop sign was in partial view of one who was 110 feet back from the intersection and in full view within 56 feet back from the intersection.

Under the traffic ordinances of the city, it was provided that the driver of a vehicle who failed to obey the instructions of any official traffic control device, subject to certain exceptions, should be deemed guilty of a misdemeanor.

According to the testimony of three state's witnesses, who lived on West 31st Street near the scene of the collision, appellant's automobile was traveling at a fast rate of speed as it approached the intersection immediately before the collision.

City Officer George A. Phifer testified that he went to the scene of the collision shortly after 6:00 p.m., and made an investigation. The officer testified that when he arrived he found the two cars which had been driven by appellant and Mrs. Beall and could determine from skid marks that appellant's car had been traveling west on 31st Street; that the skid marks made by appellant's automobile proceeded from West 31st Street into the intersection, and started approximately 11 feet back of the east curb of West Avenue and east of the stop sign approximately at the edge.

The state offered testimony that appellant, after the collision, appeared to have been drinking and that he stated that he had not had more than two beers that afternoon. It was also shown that after the collision a blood sample was taken from appellant and upon being examined at the Texas Department of Public Safety, it contained .013 per cent of alcohol.

Appellant, as a witness in his own behalf, testified that before the collision he was driving his automobile on West 31st Street and as he approached West Avenue he was driving 25 miles per hour; that when he got to where he saw the stop sign he applied the brakes and the car started skidding, and that the last he remembered was when he applied the brakes and felt the car start to skid. He further testified that before the collision he had drunk two beers after he got off from work at 4:30 o'clock that afternoon.

Appellant contends that the trial court erred in refusing to

instruct the jury on the law of circumstantial evidence and apply such law to the facts in the case.

It is insisted that since no witness testified that appellant failed to stop at the stop sign, that proof of such main fact, essential to his guilt, was dependent upon circumstantial evidence.

Appellant admitted driving the automobile as it approached the intersection. He further admitted that when he saw the stop sign he applied the brakes and the car started skidding. The testimony of Officer Phifer shows that the skid marks made by appellant's automobile began east of the stop sign at approximately the edge thereof and proceeded west into the intersection to the point of impact. Such facts constitute direct evidence that appellant failed to stop at the stop sign. The court did not err in refusing to charge on circumstantial evidence.

Appellant next insists that the court erred in permitting the witness Chastaine to testify as to the results of an analysis made by the Texas Department of Public Safety of a blood sample taken from the appellant and in refusing to instruct the jury in the charge that such testimony could not be considered in passing upon whether or not appellant was intoxicated.

The record shows that at the time the witness testified as to the alcoholic content of the blood sample the court instructed the jury that such testimony was not offered to show that appellant was intoxicated but for the purpose of showing that he had been drinking intoxicating beverages. The witness did not testify before the jury that in his opinion the results of the analysis showed appellant to be intoxicated, but only testified as to the amount of alcohol and the number of bottles of beer a person of a certain weight would have to consume in order to have .013 per cent of alcohol in his system.

Appellant admitted having consumed two bottles of beer before the collision. There is testimony from other witnesses that appellant, after the collision, appeared to have been drinking. In view of this testimony we perceive no error in permitting the witness Chastaine to testify as to the result of the blood test and express his opinion as to the amount of alcohol or number of bottles of beer a person would have to consume in order to have a certain percentage of alcohol in his blood.

The evidence is sufficient to support the conviction and no reversible error appears. The judgment is affirmed.