

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 23, 1961

Honorable B. Truman Ratliff
County Attorney, Delta County
Cooper, Texas

Opinion No. WW-1163

Re: Whether an osteopath is
qualified to hold the
office of county health
officer and related
questions.

Dear Mr. Ratliff:

We are in receipt of your letter in which you asked for an opinion from this office concerning the following questions:

1. Can an osteopath serve as a county health officer or can this office be filled only by a medical doctor?

2. Can an osteopath or doctor other than the county health officer take a blood specimen where the results of such test will be introduced as evidence in a trial of a driving while intoxicated case?

3. From the standpoint of the prosecution of a driving while intoxicated case what is the validity of a so-called blood test for intoxication taken by an osteopath or by a medical doctor?

4. In the above instances is there any change in the legal significance of the service rendered by an osteopath rather than a medical doctor?

Article 4422 of Vernon's Civil Statutes provides as follows:

"The office of county health officer shall be filled by a competent physician legally qualified to practice under the laws of this State and of reputable professional standing."

Article 4423 of Vernon's Civil Statutes provides the method of providing for a county health officer and Article 4427 provides the duties of the county health officer.

Article 4510 of Vernon's Civil Statutes provides who is to be regarded as practicing medicine in this State.

Doctors of osteopathy are licensed in this State by the Texas State Board of Medical Examiners and come within the provisions and requirements of Chapter 6 of Vernon's Civil Statutes, entitled, "Medicine."

Before Doctors of Osteopathy or Medical Doctors receive licenses to practice medicine in the State of Texas they must meet the same requirements and pass the same examinations and they receive the same license to practice medicine in this State.

It is, therefore, our opinion that a doctor of osteopathy who is duly licensed by the Texas State Board of Medical Examiners, and is a competent physician, is legally qualified to fill the office of a county health officer if he possesses in addition the necessary reputable professional standing as is required by statute.

Your second question concerns whether a doctor of osteopathy or a medical doctor other than the county health officer, who takes a blood specimen for the purpose of determining the alcoholic content, can testify as to the results of such test at the trial of a defendant in a driving while intoxicated case.

It is our opinion that either a doctor of osteopathy or a medical doctor can testify concerning the results of a blood alcohol test which he has conducted to determine the alcoholic content found in the blood of a defendant.

This opinion finds support in the following case:

Greiner v. State, 249 S.W.2d 601 (Tex. Crim. 1952).

On appeal from a conviction for murder without malice under the provisions of Article 802c of Vernon's Penal Code appellant contended, among other things, that the testimony of Doctor Packard who testified during the trial that he examined appellant after the accident and that a blood specimen was taken under his supervision which showed an alcoholic content in such an amount, that in his opinion the defendant was intoxicated, was inadmissable.

The Court of Criminal Appeals held at page 605 that:

"... we think the result of the test was
admissible for whatever it may be worth."

In the case of Marx v. State, 277 S.W.2d 914 (Tex. Crim.
1955) appellant insisted that the court erred in permitting
the witness Chastaine to testify as to the results of an
analysis made by the Department of Public Safety of a blood
sample taken from the appellant. The trial court instructed
the jury that such testimony was not offered to show that
appellant was intoxicated but for the purpose of showing
that he had been drinking intoxicating beverages. The
witness Chastaine did not testify before the jury that it
was his opinion from the results of the analysis that
appellant was intoxicated but only testified as to the
amount of alcohol and the number of bottles of beer a per-
son of a certain weight would have to consume in order to
have the amount of alcohol found in his system.

The Court of Criminal Appeals held at page 916:

"In view of this testimony we perceive no
error in permitting the witness Chastaine to
testify as to the result of the blood test
and express his opinion as to the amount of
alcohol or number of bottles of beer a per-
son would have to consume in order to have a
certain percentage of alcohol in his blood."

In Sandel v. State, 253 S.W.2d 283 (Tex. Crim. 1952)
appellant complained on appeal of the introduction of
testimony regarding the taking of a blood test and the
results thereof.

The Court of Criminal Appeals held:

"Contrary to appellant's contention we have
held that such testimony is admissable. See
Brown v. State, Tex. Cr. App., 240 S.W.2d
310; Heath v. State, Tex. Cr. App., 244 S.W.2d
815."

In Ritchie v. State, 296 S.W.2d 551 (Tex. Crim. 1956)
appellant objected to the testimony of J. D. Chastain, a
Chemist and Toxicologist of the Texas Department of Public
Safety concerning the analysis of the blood sample taken
from the appellant. The witness was permitted to describe
the test used in analyzing the blood sample, testified
that it was accurate and testified as to the result of the
test. The witness was further permitted to testify as to

the percentage of alcohol in the blood that will cause a person to be intoxicated as established by tests on human beings, the percentage of alcohol in a bottle of beer and the burning rate of alcohol by the human body, and the number of bottles of beer a person would have to consume to have a certain percentage of alcohol in his blood. It was appellant's contention that such testimony was merely a conclusion and was hearsay.

The Court of Criminal Appeals held:

"We find no error in permitting the testimony. The witness was shown to be an expert and as such was qualified to testify to the results of the analysis that he made of the blood sample which, under the evidence, was sufficiently identified. Abrego v. State, 157 Tex.Cr.R. 264, 248 S.W.2d 490; Greiner v. State, 157 Tex.Cr.R. 479, 249 S.W.2d 601; and Bryan v. State, 157 Tex.Cr.R. 592, 252 S.W.2d 184. As an expert, the witness was properly permitted to describe the test used and testify to the percentage of alcohol in the blood necessary to render a person intoxicated as based upon tests made of other human beings. (Citing cases) The witness was further qualified to testify to the percentage of alcohol in a bottle of beer, the burning rate of alcohol by the human body, and the amount of beer a person would have to consume to have a certain percentage of alcohol in his blood. Marx v. State, 161 Tex.Cr.R. 401, 277 S.W.2d 914."

In answer to your question three it is our opinion based upon the foregoing cited cases by the Texas Court of Criminal Appeals that blood tests and the testimony by any person who can qualify as an expert may be allowed into evidence as to the results of a blood test taken from a defendant in a driving while intoxicated case.

In answer to your question four it is our opinion that as we have previously stated in answer to your question one that there is only a difference in the educational degree received by a doctor of osteopathy and a medical doctor. The license to practice medicine in this State by either is the same and, therefore, both are equally recognized by Article 4510 Vernon's Civil Statutes to have the authority to practice medicine in this State.

## S U M M A R Y

1. A Doctor of Osteopathy may serve as a County Health Officer if he otherwise possesses the statutory qualifications.

2. Any doctor licensed by the Texas State Board of Medical Examiners whether he be a County Health Officer or not, may testify as to the results of a blood test taken by him in the trial of a defendant in a driving while intoxicated case.

3. The results of blood tests made by competent persons and who testifies during the trial of a driving while intoxicated case, are admissable in court for whatever it may be worth.

4. There is no change in the legal significance of a service rendered by a Doctor of Osteopathy and a Medical Doctor.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Leon F. Pesek
Assistant Attorney General

LFP:sh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Norman Suarez
H. Grady Chandler
Jack Price

REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.