Delbert NEWBY, Appellant,

v.

The STATE of Texas, Appellee.

No. 37012.

Court of Criminal Appeals of Texas.

June 24, 1964.

On Motion to Reinstate Appeal Oct. 28, 1964.

Rehearing Denied Dec. 9, 1964.

Richard & Ferguson, by Robert C. Ferguson, Dalhart, for appellant.

William Hunter, Dist. Atty., Dalhart, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for the offense of forgery, with punishment assessed at two years in the penitentiary.

The recognizance appearing in the record is shown to have been entered into by the appellant and only one surety. Art. 817, Vernon's Ann.C.C.P., which prescribes the form of recognizance in a felony appeal, provides that the recognizance be entered into by the defendant and two sureties.

The recognizance, not being in substantial compliance with the statute, is insufficient to confer jurisdiction upon this court. Wilkins v. State, 130 Tex.Cr.R. 36, 91 S.W.2d 354; Price v. State, 164 Tex.Cr.R. 312, 299 S.W.2d 141; Mayfield v. State, Tex.Cr.App., 382 S.W.2d 940, decided May 6, 1964.

The appeal is dismissed.

Opinion approved by the court.

## ON MOTION TO REINSTATE APPEAL

A proper appeal bond having been filed, the appeal is reinstated.

The indictment in separate counts charged appellant with the offenses of forgery and passing as true a forged instrument, the alleged forged instrument set out in the indictment, according to its tenor, being a check dated December 18, 1961, at Albuquerque, New Mexico, drawn on the Albu-

querque National Bank for the sum of $125, payable to Harold Allen, and purportedly signed by Wylie Hudman.

At the trial, the state's prosecuting witness, Bob Jones, testified that on or about December 18, 1961, the appellant came into his place of business in the city of Dalhart and presented to him the check for $125 described in the indictment (state's exhibit #1) and requested that he cash it. He further testified that he cashed the check, gave appellant the sum of $125, and that when he sent the check to the bank it was returned.

Wylie Hudman, whose name was purportedly signed to the check in question, as maker, upon being called as a witness by the state, testified that he did not write the check and that the signature on the check was not his. He further stated that he did not give appellant or anyone else permission to sign his name to the check.

Paul W. Hanson, a questioned-document examiner for the Texas Department of Public Safety, and shown to be qualified as a handwriting expert, testified that he had compared the appellant's known signature on two instruments with the writing and signature on the check in question and that they were written by the same person.

It was also shown by the state's testimony that appellant was returned to Dallam County, in January, 1963, from Fairbanks, Alaska, by Sheriff R. C. Johnson, after being arrested by the officers in that state, and that, after making bond, appellant failed to appear when the case was called for trial.

Testifying as a witness in his own behalf, appellant denied that he wrote the check in question and swore that he was in the State of New Mexico on the date the check was passed to the prosecuting witness. Appellant's wife, upon being called as a witness, corroborated his alibi testimony.

The court in his charge submitted to the jury the issue of appellant's guilt of both forgery and passing a forged instrument, as charged in both counts of the indictment.

Two verdicts were returned into court by the jury. One verdict found appellant guilty of forgery, as charged in the first count of the indictment, and assessed his punishment at confinement in the penitentiary for two years, and the other verdict found him guilty of passing a forged instrument, as charged in the second count of the indictment, and assessed his punishment at confinement in the penitentiary for two years.

Judgment was entered by the court upon the verdict of the jury finding appellant guilty of forgery, as charged in the first count, and assessing his punishment at confinement in the penitentiary for two years.

■ We first overrule appellant's contention that the evidence is insufficient to support the conviction.

■ The testimony of the state's witness Bob Jones, identifying appellant as the one who presented the forged check to him, was sufficient to corroborate the testimony of the handwriting expert and take the case out of the operation of the statute, Art. 731, Vernon's Ann.C.C.P., which provides that proof by comparison, only, shall not be sufficient to establish the handwriting of a witness who denies his signature, under oath. Lieb v. State, 163 Tex.Cr.R. 1, 288 S.W.2d 110, reversed on other grounds.

We also overrule appellant's contention that the court erred in rendering the judgment finding him guilty of forgery upon the two jury verdicts which found him guilty of both forgery and passing a forged instrument.

■ While forgery and passing a forged instrument are two distinct offenses, under the provisions of Art. 1005, Vernon's Ann. P.C., they may be charged in separate counts in the same indictment and prosecut-

ed together to final judgment, without election by the state. The statute provides that the judgment shall specify which offense or under which count the defendant is found guilty, and shall assess but one penalty not exceeding the greatest punishment fixed by law to the highest grade of offense of which he is convicted.

In the early case of Lovejoy v. State, 40 Tex.Cr.R. 89, 48 S.W. 520, it was held that although forgery and uttering a forged instrument are separate offenses, under a general verdict of guilty upon an indictment for the two offenses the court may apply the sentence to the count for forgery, alone.

■ Under the statute, Art. 1005, supra, the trial court was authorized to render judgment upon the jury's verdict finding appellant guilty of forgery under the first count of the indictment and assessing his punishment at confinement in the penitentiary for two years.

■ Formal bill of exception #3 purports to present appellant's objections and exceptions to the court's charge. The bill is insufficient and will not be considered because it does not show that appellant's objections to the charge were presented to the court in writing, as required by Art. 658, V.A.C.C.P. Wright v. State, 100 Tex. Cr.R. 291, 272 S.W. 787; Terrill v. State, 133 Tex.Cr.R. 584, 112 S.W.2d 734.

Three informal bills of exception are presented by appellant to certain rulings of the court on the admission and rejection of testimony.

Bill #4 relates to the cross-examination of appellant's wife by state's counsel, when she was asked if she was "still tending bar in Clovis" and if she accompanied appellant to Alaska when he went there in the early part of 1963. Over appellant's objection to the first question that it was "not any part of the cross examination" and an attempt to discredit her before the jury, the witness answered in the affirmative, and over his objection to the second question that it was

improper cross-examination because no part of the testimony had been entered into on direct examination, the witness answered in the negative. It is appellant's contention that such cross-examination was improper and presents reversible error under Art. 714, V.A.C.C.P., which provides that the husband and wife shall in no case testify against each other except in a criminal prosecution for an offense committed by one against the other.

■ Under this article it is only new incriminating evidence brought out against the husband through the wife that constitutes reversible error. Jones v. State, 156 Tex.Cr.R. 2, 238 S.W.2d 529. We perceive no incriminating evidence presented against appellant by his wife's admission that she was tending bar and her denial that she had accompanied him to Alaska. We are unable to agree that proof that the wife was tending bar constituted improper impeachment of her. We also observe that appellant, while testifying as a witness in his own behalf, stated that his wife did not accompany him to Alaska.

■ By bill of exception #5, appellant complains of the court's refusal to permit him to show that he had been in the armed services.

An examination of the record does not show that such inquiry was relevant to any issue in the case. Hence, no error is shown.

■ Bill of exception #6 presents appellant's complaint to that portion of the handwriting expert's testimony relative to appellant's known handwriting on state's exhibit #9, when he stated that it had clear indications of deliberate writing "which I believe was an attempt to change the handwriting."

The record reflects that upon objection being made by appellant, the court instructed the jury not to consider the witness's statement with reference to there being a deliberate attempt to disguise the handwrit-

 

ing. Appellant made no further objection or request.

No reversible error is presented by the bill.

The judgment is affirmed.

Opinion approved by the court.