**Lyle C. BOUTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37513.**

Court of Criminal Appeals of Texas.

Jan. 6, 1965.

No attorney of record on appeal for appellant.

Jack N. Fant, County Atty., Jamie C. Boyd, Asst. County Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for negligent homicide in the second degree; the punishment, one year in jail.

The proof was undisputed that on the date alleged, while driving his Nash automobile south on Chelsea Street in the city of El Paso, appellant was involved in a collision at the intersection of East Yandell Drive with a Chevrolet automobile in which the deceased was riding as a passenger. In the collision the deceased received certain injuries from which she died.

Traffic at the intersection was controlled by four traffic lights which had been installed pursuant to certain traffic-control ordinances passed by the city council of the City of El Paso. On the occasion in question, the traffic lights were in operation. By stipulation, it was shown that under the terms of the ordinances it was unlawful for a person driving a motor vehicle to enter the intersection when the traffic-control signal facing him was exhibiting a red light.

It was shown that the collision occurred near the center of the intersection as the Chevrolet automobile was turning left and proceeding west on East Yandell Drive into a green traffic light.

Numerous witnesses, including eyewitnesses to the collision, were called by the state, whose testimony supported the state's contention that appellant drove his automobile into the intersection without stopping at a red light which controlled traffic approaching the intersection from the direction in which he was traveling.

Testifying in his own behalf, appellant stated that as he approached the intersection the traffic light was green and that he did not remember the accident.

We find the evidence sufficient to sustain the allegation in the information that appellant was engaged in the unlawful act of entering the intersection without stopping at the traffic-control light, which was red, and to support the jury's verdict finding him guilty, as charged.

The record is before us upon seven formal bills of exception. No brief has been filed in behalf of appellant.

We have examined the bills and find no reversible error.

Three of the bills purport to present appellant's objections and exceptions to the court's charge. The bills are insufficient and may not be considered, because they do not show that the objections to the charge were presented in writing, as required by Art. 658, Vernon's Ann.C.C.P. Wright v. State, 100 Tex.Cr.R. 291, 272 S.W. 787; Terrill v. State, 133 Tex.Cr.R. 584, 112 S.W. 2d 734; and Newby v. State, Tex.Cr.App., 384 S.W.2d 133, decided October 28, 1964.

Three of the bills complain of testimony admitted with reference to the speed with which appellant's automobile was traveling on the occasion in question, and to evidence showing that he had been drinking, over his objection that neither speed nor his drinking, nor his physical condition were alleged in the information as a cause of the accident.

This evidence was admissible as a part of the res gestae. Hence, no error is shown. Maxey v. State, 157 Tex.Cr.R. 405, 249 S.W. 2d 66; Marx v. State, 161 Tex.Cr.R. 401, 277 S.W.2d 914.

The remaining bill complains of certain testimony elicited from the witness Gordon Mehlman to the effect that after the collision, appellant, in conversation with the witness, asked about his car and how badly it was damaged but did not ask about the people in the other car.

The court sustained appellant's objection to the testimony and instructed the jury not to consider the same.

We fail to perceive any reversible error in the court's refusal to grant a mistrial.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.